UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

ROBERT ALAN POWER                              CIVIL ACTION

VERSUS                                         NUMBER: 07-7412

WARDEN BONITA PITTMAN, ET AL.                  SECTION: "I"(5)


                      **REPORT AND RECOMMENDATION**


    This 42 U.S.C. §1983 proceeding, which was filed in forma pauperis by pro se plaintiff, Robert Allen Power, against defendants, Warden Bonita Pittman of the Orleans Parish Prison ("OPP") and Orleans Parish Criminal Sheriff Marlin Gusman. (Rec. doc. 1). Plaintiff, a pre-trial detainee of OPP at the time suit was filed, alleged that he was housed in a cell with a convicted murderer who attacked him on July 4, 2007. (Id. At p. 5). Plaintiff also alleged that he was the subject of continued threats by unidentified prison guards who "... feel they need to put their hands on me." (Id.).

    After issue was joined in this case, the Court issued an order scheduling a preliminary conference to go forward on February 15,

2008 at 2:00 p.m. via telephone.  (Rec. doc. 8). Shortly after issuing that order, counsel for defendants advised the Court that plaintiff had been released from OPP on November 29, 2007 and transferred to the custody of the Lafourche Parish Sheriff's Office. (Rec. doc. 10).  Upon contacting counsel for the Sheriff for Lafourche Parish, the Court learned that plaintiff had briefly been but was no longer in the custody of that law enforcement official. (Id.).  The order scheduling the preliminary conference which had been mailed to plaintiff at his address of record was subsequently returned to the Court as undeliverable on January 28, 2008.  (Rec. doc. 9). On January 29, 2008, a separate order was issued directing plaintiff to provide the Court with a valid, current mailing address.  (Rec. doc. 10).  The copy of that order that was mailed to plaintiff at his address of record has also been returned as undeliverable.  (Rec. doc. 11).

Local Rule 11.1E provides, in pertinent part, that "[e]ach attorney and pro se litigant has a continuing obligation to apprise the court of any address change."  Local Rule 41.3.1E further provides that "[t]he failure of an attorney or pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of 30 days."  The foregoing Rules impose an affirmative obligation on parties to keep

the court apprised of their current mailing addresses and relieves court personnel of that burden. The importance of this obligation was noted by the Fifth Circuit years ago when it stated that "[i]t is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail." Perkins v. King, 759 F.2d 19 (5th Cir. 1985)(table).  Finally, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, an action may be dismissed based on the failure of the plaintiff to prosecute his case or to comply with a court order.  Lopez v. Aransas County Independent School District, 570 F.2d 541 (5th Cir. 1978).

As noted above, plaintiff has failed to keep the Court apprised of a current mailing address as required by Local Rule 11.1E.  Plaintiff acknowledged his obligation in that regard when he signed his complaint, the sixth page of which states that "I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice." (Rec. doc. 1, p. 6).  The Court must therefore assume that plaintiff has no further interest in prosecuting this case. As plaintiff is proceeding pro se in this matter, this failure is

3

attributable to him alone.[1]/

**RECOMMENDATION**

For the foregoing reasons, it is recommended that plaintiff's suit be dismissed for failure to prosecute pursuant to Local Rule 41.3.1E and Rule 41(b), Federal Rules of Civil Procedure.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this __5th__ day of _____March_____, 2008.

                                        ALMA L. CHASEZ
                             UNITED STATES MAGISTRATE JUDGE

---

[1]/ The Court notes that in his prayer for relief, plaintiff did not seek monetary damages. (Rec. doc. 1, p. 5). Instead, he asked that the Court assist him in preparing a lawsuit against OPP, that he be transferred to a safer correctional facility, and that the FBI be ordered to investigate the allegations set forth in his complaint. (Id.). It is not the Court's function to provide legal assistance to litigants or to refer civil cases to law enforcement officials for screening and possible action. Plaintiff's transfer from OPP has rendered his request for injunctive relief moot. Moore v. Stice, 983 F.2d 1064 (5th Cir. 1993)(table)(citing Rocky v. King, 900 F.2d 864, 867 (5th Cir. 1990)).